UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALICE CORDOVA, | Case No.: 5:10-CV-00828 EJD |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | **(Re: Docket No. 60)** |
| BURKE INDUSTRIES, | |
| Defendant. | |

On December 31, 2009, Plaintff Alice Cordova ("Cordova") filed this lawsuit against Defendant Burke Industries, Inc. ("Burke") in the Superior Court of California, Santa Clara County. Cordova alleged that both she and her employer, Burke, are California citizens. Compl. ¶¶ 1-2, ECF No. 1. Cordova alleged facts regarding her employment at Burke, which began in 1978, and how that employment changed as a result of her becoming injured in 2006. Id.

On February 26, 2010, Mannington Mills, Inc. ("Mannington") removed the action to this court on the basis of diversity jurisdiction. Mannington argued that it had been incorrectly named in the Complaint as Burke. See Notice of Removal, ECF No. 1. Mannington is a Delaware corporation with its principal place of business in New Jersey. Id. ¶ 2(c). From the Notice of Removal, it appears Mannington asserts it is the Defendant in this action rather than Burke because Mannington acquired Burke in June 2008, and Burke is a wholly-owned subsidiary of Mannington. Decl. of Jeffrey A. Aber at 2, ECF No. 1.

It is well established that a court may raise the question of subject matter jurisdiction, *sua*

*sponte*, at any time during the pendency of the action. <u>Snell v. Cleveland, Inc.</u>, 316 F.3d 822, 826 (9th Cir. 2002). On March 31, 2012, the court issued an order noting that the diversity of the parties is based solely on Mannington's assertion that it is the proper Defendant and Burke is not a Defendant, but Mannington has not been joined in this action and Burke has not been dismissed. Thus, the court ordered that Mannington file a brief explaining the basis for this court's subject matter jurisdiction and addressing Mannington's assertion that Mannington should be considered the Defendant for purposes of diversity and Burke's citizenship should not be considered.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. Here, Mannington has the burden of showing that diversity jurisdiction exists under 28 U.S.C. 1332—namely, that the plaintiff has different state citizenship from the defendant and the matter in controversy exceeds the sum or value of $75,000. If a defendant cannot establish diversity jurisdiction, subject-matter jurisdiction can still be established under 28 U.S.C. 1331. This section provides that claims arising under federal law give a federal court subject-matter jurisdiction. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. <u>Gaus v. Miles Inc.</u>, 980 F. 2d 564, 566 (9th Cir. 1992).

On April 30, 2012, Mannington filed a brief explaining that it removed the case because, based on its initial investigation, it believed that Burke had stopped operating separately in California and that Cordova would dismiss Burke and add Mannington as Defendant. Mannington informs the court that "the facts conveyed to defense counsel through the initial investigation have since proven to be erroneous." Def.'s Resp. to Request for Br. on Ct.'s Subject Matter Jurisdiction at 3:9-10, ECF No. 60. Mannington further concedes that the action is currently "against Burke only, [and] there is no longer diversity of citizenship between the parties." <u>Id</u>. Thus, Mannington has not shown that it is a defendant in this case, much less met its burden of showing that diversity jurisdiction exists. Additionally, the action involves no claim arising under federal law sufficient to give a federal court subject-matter jurisdiction. Accordingly,

Case No.: 5:10-CV-00828 EJD
<u>ORDER REMANDING CASE</u>

1  IT IS HEREBY ORDERED that the action is remanded. All pending motions are
2  terminated. The Clerk shall remand this action to the Superior Court of California, Santa Clara
3  County and shall close the file.
4  Dated: May 16, 2012

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-CV-00828 EJD
ORDER REMANDING CASE